# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

VINSON GRIFFIN,           )
                                   )
           Movant,         )
                                   )      No. 4:08CV1985RWS
      v.                       )
                                   )
UNITED STATES OF AMERICA,   )
                                   )
           Respondent.     )

## MEMORANDUM AND ORDER

Vinson Griffin moves to set aside or correct his sentence pursuant to 28

U.S.C. § 2255.  Griffin claims he received ineffective assistance of counsel and

that his guilty plea was unknowing and involuntary.  Griffin argues that, but for

the ineffective assistance of his counsel and his unknowing and involuntary guilty

plea, he would have received a shorter sentence.  For the reasons set forth below, I

will deny Griffin's motion.

### *Background*

On July 17, 2007, Vinson Griffin was indicted on one count of possession

of cocaine base (crack) with intent to distribute ("Count I"), one count of

possession of a firearm in furtherance of drug trafficking ("Count II"), and one

count of being a felon in possession of a firearm ("Count III").  On October 12,

2007, Griffin pled guilty to Counts II and III.  Count I was dismissed at Griffin's sentencing hearing on December 21, 2007.

<u>Prior Convictions</u>

In Griffin's plea agreement, he stipulated that he had two prior felony convictions: (1) a  May 10, 1999 conviction for Tampering First Degree, and (2) an October 15, 2001 conviction for Robbery Second Degree and Armed Criminal Action.  The term of imprisonment for each offense exceeded one year.

<u>Facts</u>

On July 17, 2007, officers with the Saint Louis Metropolitan Police Department received information that Griffin was selling and distributing crack and that he was armed with a silver handgun.  When two police officers responded, they observed Griffin engage in what appeared to be a narcotics transaction.  When an officer exited the patrol car and approached, Griffin fled the scene on foot.  The other officer drove the patrol vehicle to intercept Griffin, illuminated the area, and observed Griffin remove a silver handgun from his waist band and place it on the ground.  Griffin continued running towards the patrol car, initially stopped when ordered by the officer, and then swung his left arm around and threw a plastic bag onto the front porch roof of a residence.  Griffin was then arrested.  Police officers retrieved the fully loaded handgun and recovered the

plastic bag from the residence's rooftop. The plastic bag contained multiple smaller knotted plastic bags containing substances that were determined to be 5.33 grams of crack.

## Plea Hearing

At Griffin's plea hearing I confirmed Griffin's understanding of the terms of the plea agreement, the rights he was waiving by pleading guilty, and the applicable sentencing guidelines. During the plea hearing Griffin expressed displeasure that his attorney had not secured a dismissal of Count II but indicated that he did believe his attorney represented him well. Griffin admitted having engaged in the conduct as alleged in the indictment.

After considering the factors in 18 U.S.C. § 3553(a), I sentenced Griffin to the statutory minimum sixty (60) month term of imprisonment on Count II to run consecutive to a term of imprisonment of thirty (30) months on Count III. Griffin's aggregate term of imprisonment was ninety (90) months.

On December 19, 2008, Griffin filed this motion under 28 U.S.C.§ 2255 to set aside or correct his sentence. Griffin offers two primary grounds for post conviction relief: ineffective assistance of counsel, and that his guilty pleas for Counts II and III were neither knowing nor voluntary.

*Ineffective Assistance of Counsel*

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims under 28 U.S.C. § 2255. See Caban v. United States, 284 F.3d 7778, 781 (8th Cir. 2002). In order for a convicted defendant to prove that his counsel was ineffective, the defendant must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. To do so, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. Judicial scrutiny of an attorney's performance must be highly deferential, and thus, the courts should employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. at 687. A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However mechanical these tests may seem, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

Griffin alleges counsel was ineffective in:

(1) Failing to explain that Griffin could receive an aggregate sentence of 90 months for Counts II and III and failing to explain the application of the sentencing guidelines;

(2) Failing to inform Griffin of the consequences of the plea agreement and advising Griffin to sign the plea agreement;

(3) Failing to investigate whether Count I, the dismissed charge, would trigger an "enhanced sentence";

(4) Failing to properly inform Griffin on the application of 18 U.S.C. § 924(c);

(5) Failing to pursue a double jeopardy defense on Griffin's behalf;

(6) Proceeding with knowledge that Griffin's conduct did not entail drug trafficking or a second firearm;

(7) Failing to request a jury instruction on mitigating circumstances; and

(8) Providing Griffin with false information.

I will address each of Griffin's ineffective assistance of counsel claims in turn.

*Ground I: Explanation of Sentencing*

Griffin first argues that his counsel was ineffective for failing to explain that Griffin could receive an aggregate sentence of 90 months imprisonment and failing to explain the application of the sentencing guidelines. This assertion is controverted by the record. Griffin signed a plea agreement that stated "[a]s to Count Two, and based upon these recommendations, the parties agree that the defendant will receive a mandatory minimum sentence of sixty (60) months which will run consecutive to any sentence defendant may receive for Count Three." Pl. Agree. 9:¶(4)(C). The plea agreement also states that "Defendant fully understands that the maximum possible penalty provided by law as to Count Three is imprisonment of not more than 10 years or a fine of not more than $250,000, or both." Pl. Agree. 15:¶6(A)(2).

Griffin indicated during the plea hearing that he had read, discussed with his attorney, and understood the plea agreement. I described the sentencing guidelines, explaining,

> COURT: Before you're sentenced, a presentence report will be prepared. It will discuss the facts of your case and apply the sentencing guidelines to those facts. Do you understand that?
>
> GRIFFIN: Yes, sir.

COURT:      And you've talked to your lawyer about the sentencing guidelines, right?

GRIFFIN:    Yes, sir

COURT:      And you've gone over the sentencing table that goes with the guidelines?

GRIFFIN:    Yes, sir.

COURT:      The report will discuss the facts of your case, apply the guidelines to the facts and then make a calculation as to what the recommended sentence is. Do you understand that, sir?

GRIFFIN:    Yes, sir.

COURT:      If you disagree with what's in the report, you will have the right to file objections to the report. Do you understand that?

GRIFFIN:    Yes, sir.

COURT:      The United States may file objections to the presentence report. Do you understand that?

GRIFFIN:    Yes, sir.

COURT:      If there are objections, we'll have a hearing, I'll rule on the objections and then make a final calculation on the guidelines chart as to what the recommended sentence is. Do you understand that?

GRIFFIN:    Yes, sir.

COURT:      We will also determine if there are any departure motions under the guidelines. Those are motions which would

> encourage a sentence that is more than or less than the recommended sentence. Do you understand that, sir?

GRIFFIN: Yes, sir.

COURT: Finally, there is a statute that sets forth a list of factors I'm required to consider to determine what an appropriate sentence is in each case. Do you understand that?

GRIFFIN: Yes, sir.

Plea Hr'g Tr. 11:14–12:25, Oct. 12, 2007.

Before accepting Griffin's guilty plea, I discussed how the sentencing guidelines would apply in his case, explaining,

COURT: [A]s to Count II the base offense level is found at 2K2.4(b). Do you understand that, sir?

GRIFFIN: Yes, sir.

COURT: And as to Count III, it's recommended that your base offense level is a 20. Do you understand that?

GRIFFIN: Yes, sir.

COURT: However, if you're found to be a career offender - - is that a possibility here?

DEFENSE COUNSEL: From examination of Mr. Griffin's record, I don't think that's a possibility.

COURT: All right. But if you're found to be a career offender, then a different section of the guidelines will determine your base offense level. Do you understand that, sir?

GRIFFIN:    Yes, sir.

COURT:      And it's recommended that three levels be deducted or
            subtracted for your acceptance of responsibility in a timely
            fashion.  Do you understand that, sir?

GRIFFIN:    Yes, sir.

**COURT:      All right.  So what that works out to is a mandatary
            minimum sentence of 60 months on Count II, and that's
            to be added to any sentence you receive on Count III.
            In other words, it's consecutive.  Do you understand
            that, sir?**

**GRIFFIN:    Yes, sir.**

COURT:      And on Count III it's recommended that your final total
            offense level would be at 17.  Do you understand that, sir?

GRIFFIN:    Yes, sir.

Plea Hr'g Tr. 15:22–16:22 (emphasis added).  Because the record clearly

demonstrates Griffin was aware that his sentences were to run consecutively and

received an explanation of the sentencing guidelines, Griffin has failed to show

that he was prejudiced by Jones' alleged deficient performance by his attorney.

*Ground 2: Advice Regarding Plea Agreement*

Griffin also argues that his counsel failed to properly inform him of the

consequences of entering into the plea agreement.  The record shows that Griffin

understood the consequences of pleading guilty.  During the plea hearing, I

exhaustively informed Griffin of the consequences of pleading guilty, and Griffin acknowledged his understanding of these consequences. Griffin indicated he understood he would have been entitled to a jury trial, that no trial would occur because of his guilty plea, and that by pleading guilty he was waiving his constitutional right against self-incrimination. Griffin confirmed that in the plea agreement he had agreed to plead guilty to Counts II and III. Griffin confirmed that he understood that Count III carried a potential sentence of imprisonment of not more than 10 years, and Count II carried a sentence of imprisonment of not less than 5 years to run consecutive to the term for Count III. Griffin also indicated that he understood that by pleading guilty, he was subjecting himself to the maximum term of imprisonment for both counts. Griffin further acknowledged that he understood that he had agreed in the plea agreement to not appeal any sentence imposed, file any other lawsuits or motions challenging how the case was handled, and to give up any ownership interest in property seized.

After discussing the possible consequences of pleading guilty, I asked Griffin whether he understood these consequences and whether he still wanted to plead guilty. Griffin responded affirmatively to both inquiries. Because I extensively discussed the consequences of pleading guilty and Griffin indicated he understood each of these consequences, Griffin has failed to establish that he was

prejudiced by counsel's alleged failure to inform him of the consequences of entering into the plea agreement.

Griffin also argues his counsel was ineffective for advising him to sign the plea agreement. To prevail on this claim, Griffin must establish that "but for counsel's errors, he would not have pleaded guilty but would have proceeded to trial." United States v. Nesgoda, 59 F.3d 867 (8th Cir. 2009). The record does not establish that Griffin would have acted differently. During the plea hearing I explained what the United States Attorney would have to prove for Counts II and III if Griffin chose to go to trial. Griffin indicated that he understood that if he did not believe the United States Attorney could prove the elements beyond a reasonable doubt, he should not plead guilty. Additionally, after the Assistant United States Attorney stated the facts he believed the United States would be able to establish at trial, Griffin admitted under oath that he did the things alleged. As a result, Griffin has failed to establish that he would have proceeded to trial but for counsel advising him to enter into the plea agreement.

*Ground 3: Failure to Investigate Effect of Dismissal of Count I*

Griffin's next argument appears to be that his attorney was ineffective for failing "to properly investigate . . . whether petitioner's dismissed charges [would] trigger an enhanced sentence under 18 U.S.C. § 924(c)." Petitioner Motion for

Relief, 10.  Griffin appears to argue that because Count I was dismissed, he should not have been sentenced under Count II.

Count I alleged that Griffin engaged in drug trafficking.  Count II alleged that Griffin possessed a firearm during the drug trafficking.  Griffin seems to argue that because the drug trafficking charge was dismissed, he should not have been sentenced for possession of a gun during the drug trafficking.  But Griffin was not acquitted of Count I–Count I was dismissed.  The dismissal of Count I had no effect on whether Griffin could be convicted of the remaining counts.  Because Count I's dismissal did not affect the sentence Griffin received under Counts II and III, Griffin was not prejudiced by his counsel's alleged failure to investigate the effect of the dismissal of Count I.

*Ground 4: Advice Regarding Count II*

Griffin argues his counsel was ineffective for failing to properly inform him on the application of 18 U.S.C. § 924(c), which carries a mandatory minimum of 5 years imprisonment, in Count II.  During the plea hearing I explained, and Griffin stated he understood, that the Assistant United States Attorney would be required to prove beyond a reasonable doubt that Griffin "committed the crime of knowingly and intentionally possessing, with the intent to distribute, 5 grams or more of crack and that [he] possessed a firearm in furtherance of that crime."  Plea

Hr'g Tr. 17:17–22.  I also explained to Griffin that if he did not believe the United States Attorney could prove each of the elements beyond a reasonable doubt, he should not plead guilty.  Griffin stated that he understood. Griffin's plea agreement also clearly states that the maximum possible penalty for Count II is "imprisonment of not less than five years nor more than life consecutive to Count Three, or a fine of not more than $250,000, or both."  Pl. Agree. 14:¶6(A)(1).  Because during the plea hearing Griffin was informed of the application of 18 U.S.C. § 924(c), Griffin has failed to establish that he was prejudiced by his counsel's alleged failure to properly inform him.

*Ground 5: Double Jeopardy Defense*

Griffin's next argues his counsel was ineffective for failing to pursue a double jeopardy defense.  Griffin's argument appears to be that the two counts he was charged with are a single offense because he possessed only one firearm.  The test to determine whether a single act constitutes a violation of two distinct statutory provisions is whether each offense requires proof of facts the other does not, notwithstanding a substantial overlap in the evidence offered.  Blockburger v. United States, 284 U.S. 299, 303 (1932); United States v. Wilkinson, 124 F.3d 971, 975 (8th Cir. 1997).

To be convicted of possession of a firearm under Count II, the United States Attorney must prove that the person may be subject to prosecution in a United States court in relation to a crime of violence or drug trafficking crime and that the person used or carried a firearm in furtherance of such crime. 18 U.S.C. § 924(c). To be convicted of being a felon in possession of a firearm under Count III, the defendant must have "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" and possessed a firearm that has been transported in interstate commerce. 18 U.S.C. § 922(g)(1). Though the evidence for both offenses overlaps by requiring proof of a firearm, the elements of each offense require proof of different facts. In Count II, the defendant must have carried a firearm in furtherance of a drug trafficking crime. In Count III, the defendant must have been previously convicted of a felony. Because each offense requires proof of different facts, counsel was not ineffective for failure to raise a meritless double jeopardy argument. Latcher v. United States, No. 4:08CV1397, 2009 WL 790465, at *2 (E.D. Mo. Mar. 23, 2009) (citing Rodriguez v. United States, 17 F.3d 225, 226 (8th. Cir. 1994)).

*Ground 6: Counsel's Knowledge of Alleged Conduct*

Griffin appears to argue next that his counsel was ineffective because she failed to investigate whether he had been previously convicted, one of the

elements for Count III. Griffin's plea agreement stipulates that Griffin was convicted of the felony of Tampering First Degree in the City of Saint Louis, Missouri on or about May 10, 1999. The plea agreement also stipulates that on or about October 15, 2001, Griffin was convicted of the felony offenses of Robbery Second Degree and Armed Criminal Action in the City of Saint Louis, Missouri. The term of imprisonment for each offense exceeded one year. Pl. Agree. 11:¶4.

Before Griffin pled guilty, I informed him that the United States would be required to prove beyond a reasonable doubt that he "had been convicted of a crime punishable by imprisonment for a term exceeding one year" for Count III. Plea Hr'g Tr. 18:6–8. Griffin stated he understood that he should not plead guilty if he did not believe the United States could prove each element beyond a reasonable doubt. Further, during the plea hearing, the Assistant United States Attorney stated he expected to prove at trial that Griffin was convicted of the felony offenses of robbery second degree and armed criminal action in 2001, both of which carried a term of imprisonment greater than one year. Griffin admitted under oath that this statement was true. As a result, I find that Griffin has not established that he was prejudiced by his counsel's alleged failure to investigate his prior convictions.

Griffin appears to argue further that his counsel was ineffective because she knew that his conduct did not entail drug trafficking[1] and knew that a second firearm was not involved in the activities giving rise to the charges. As discussed earlier, I informed Griffin, and he indicated he understood, that if the case were to go to trial, the United States Attorney would have to prove that he possessed 5 grams or more of crack with the intent to distribute. Further, the Assistant United States Attorney stated during the plea hearing that he expected to prove beyond a reasonable doubt that Griffin "threw a plastic bag onto the front porch roof of [a] residence" that contained crack. Plea Hr'g Tr. 20:16–17. Griffin admitted under oath that he did what the Assistant United States Attorney said he did. Because Griffin understood what the United States Attorney would have to prove and he admitted doing what the United States Attorney alleged, he has failed to establish that he was prejudiced by his counsel alleged knowledge that he did not engage in drug trafficking.

As discussed above, Griffin's attorney was not ineffective for failing to investigate the lack of a second firearm because a second firearm was not

---

[1]Petitioner Griffin alleges his attorney had knowledge that he did not engage in "interstate drug trafficking." Defendant's Reply to the United States Response in Opposition at 4. Griffin was indicted of drug trafficking in violation of 21 U.S.C. § 841(a)(1). This section does not require drug trafficking to be interstate for the section to be violated. 21 U.S.C. §841(a)(1).

necessary to convict Griffin of Counts II and III. Thus, Griffin was not prejudiced by his counsel's knowledge whether or not there was a second firearm.

*Ground 7: Failure to Request Jury Instruction*

Griffin argues that his counsel was ineffective for failing to request a jury instruction on mitigating circumstances which may have resulted in a shorter sentence. In pleading guilty, Griffin waived his right to a jury trial. There was no jury to issue an instruction on mitigating circumstances. When I asked Griffin, "Do you understand that by pleading guilty you're waiving your right to a trial and the other rights associated with a trial?" Griffin responded, "Yes, sir." Plea Hr'g Tr. 9:19–22. I asked Griffin, "You understand there's not going to be a trial, right?" Plea Hr'g Tr. 9:23. Griffin responded, "Yes, sir." Plea Hr'g Tr. 9:24. Griffin has failed to establish that his counsel was ineffective because counsel acted reasonably. No reasonable counsel would request a jury instruction when a guilty plea has been entered.

*Ground 8: Counsel's Provision of False Information to Griffin*

Griffin argues his counsel was ineffective by giving Griffin false information regarding the conditions of the plea agreement, the dismissal of Count II, and the government's evidence for Count III. Griffin alleges that his counsel falsely promised that Count II would be dismissed in exchange for his guilty plea

to Count III. As discussed extensively above, the record establishes that Griffin understood that Count II would not be dismissed. As a result, Griffin has failed to establish that he was prejudiced by his counsel's alleged false information regarding this Count.

Griffin does not specify what false information his counsel allegedly provided regarding the conditions of the plea agreement or the government's evidence for Count III. Though a pro se § 2255 motion will be liberally construed, the petition must assert facts regarding counsel's performance. *See* Saunders v. United States, 236 F.3d 950, 952-53 (8th Cir. 2001). Because Griffin's allegations are vague and conclusory with no factual support, I cannot find counsel ineffective on this basis.

### *Unknowing and Involuntary Guilty Plea*

The Fifth Amendment requires that a guilty plea "be the voluntary expression of [one's] own choice." *See* Brady v. United States, 397 U.S. 742, 748 (1970). Because a plea is also a wavier of the constitutional right to trial by jury, such a waiver must be a "knowing, intelligent [act] done with sufficient awareness of the relevant circumstances and likely consequences." Id. The record must affirmatively disclose the plea was understandingly and voluntarily made. Id. at

747 n.4 (citing <u>Boykin v. United States</u>, 395 U.S. 238 (1969) (Harlan, J. and Black, J., dissenting)).

A guilty plea is voluntary if it is "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel . . . ." <u>Brady</u>, 397 U.S. at 755. "[I]t must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." <u>Id.</u>

Griffin argues that his due process rights were violated because he pled guilty for the following reasons:

(1) Griffin's attorney advised him that Count II would be dismissed;

(2) Griffin's guilty plea to Count II was not intelligent because his counsel failed to fully inform him on 18 U.S.C. § 924(c) resulting in his having an incomplete understanding of the charge;

(3) There was no "identifiable reason" for Griffin to plead guilty;

(4) Griffin did not have sufficient knowledge of the proceedings because he is not a licensed attorney and had no knowledge other than that provided by his attorney; and

(5) Counsel's use of coercive tactics compelled Griffin to make a false confession.

*Ground 1: Attorney Advised Count II would be Dismissed*

Griffin first argues that his guilty plea was unknowing because his attorney advised him that Count II would be dismissed.[2]  At several points during the proceeding, Griffin was informed of, and acknowledged his understanding that Count I would be dismissed upon his pleading guilty to Count II and III.  The plea agreement Griffin signed reflects this arrangement.  Griffin acknowledged during the plea hearing that he understood that he was pleading guilty to Count II.  Griffin also expressed his frustration that his attorney had failed to secure a dismissal of Count II in the following exchange during the plea hearing,

COURT:      Is there anything you think your attorney should have done but did not do in representing you in this case?

GRIFFIN:    One of the counts I felt was - - I disagree with, like, one of the counts that I was charged with.

COURT:      Is that count that you're pleading guilty to, or is it a count that's going to be dismissed?

GRIFFIN:    Count that I'm pleading guilty to.

---

[2]Petitioner Griffin's Motion for Relief incorrectly labels the count associated with the 922(g)(1) charge as "Count II" instead of "Count III."  Petitioner's Memorandum of Law in Support of Petitioner's 28 U.S.C. § 2255 Motion for Relief at 5.

COURT:     And you don't agree with it?

GRIFFIN:   Yes, sir.

COURT:     Ms. Jones, do you want to talk to your client briefly?

DEFENSE COUNSEL: I think for the Court, I think what he means is we have proposed - - there were three counts, and we have proposed and requested a dismissal of one of the other counts, and the Government dismissed the count but not one we - -

GRIFFIN:   Right.

DEFENSE COUNSEL: It's a combination. It has to do with the 924(c)

COURT:     Do you believe that your lawyer has not done a good job representing you in the plea negotiations?

GRIFFIN:   I mean, Your Honor, I feel like that one count I don't feel like I got represented all the way to the best of her ability for that count.

COURT:     Okay. Are you telling me that you don't believe you did the crime? Which count is it?

GRIFFIN:   Count. . . . II of the indictment

ASST. U.S. ATTORNEY:  Your Honor, there are three counts in the indictment.  The first in 841(a), felon in possession with the intent. . . . to distribute.  Count II is a 924(c), possession of a firearm in furtherance of a drug trafficking crime and was charged in Count I.  And Count III is the 922(g), which is a felon in possession.

DEFENSE COUNSEL: And, Your Honor, for the record, the Government has agreed to dismiss the count - - the drug count, Count I. And it was - -

COURT:             So he's pleading guilty today to possession of a firearm in
                   furtherance of the drug trafficking crime and being a felon in
                   possession of a firearm?

DEFENSE COUNSEL: That is correct your honor.  And Mr. Griffin had
                   hoped that the Government would consider dropping the 924(c)
                   as well, and the Government would not agree to that during our
                   negotiations.  So we have come to an agreement, and it's not
                   the perfect agreement that Mr. Griffin had hoped for, but the
                   Government did agree.

COURT:             I would never ever want to take a guilty plea from somebody
                   who's not guilty.  You understand that.

GRIFFIN:           Yes, sir

COURT:             Obviously, your attorney can represent you vigorously, but if
                   the Government says, This is what we're going to do, you have
                   to make a decision whether to go to trial or accept their offer.
                   And while your attorney may have been vigorous and
                   aggressive on your behalf, the result may not be one that you
                   like. . . . do you think that your attorney has done a good job for
                   you?

GRIFFIN:           Yes, sir.

COURT:             Okay.  And your answer to my earlier question was because
                   you had hoped that it would have been a better result, but you
                   don't have any dispute with the fact that your lawyer has
                   represented you well; is that fair?

GRIFFIN:           Yeah.

COURT:             Is that fair?

GRIFFIN:           Yeah.

Plea Hr'g Tr. 6:2–8:20.  Although Griffin was unhappy that the Assistant United States Attorney did not dismiss Count II, the record reflects that Griffin understood that Count II would not be dismissed and that he understood the consequences of his pleading guilty to Count II.

*Ground 2: Information Regarding Application of 18 U.S.C. § 924(c) for Count II*

Griffin next argues that his guilty plea for Count II was unknowing because his attorney failed to fully inform him on the application of 18 U.S.C. § 924(c), which carries a mandatory minimum sentence of 5 years, for Count II.  During the plea hearing, I addressed the sentence for Count II, explaining,

> All right.  So what that works out to is a mandatory minimum sentence of 60 months on Count II, and that's to be added to any sentence you receive on Count III.  In other words, it's consecutive.  Do you understand that, sir?

Plea Hr'g Tr. 16:15–18.  Griffin responded, "Yes, sir."  Plea Hr'g Tr. 16:19.  I addressed what the United States Attorney would have to prove beyond a reasonable doubt for Count II if Griffin chose to go to trial, explaining,

> For you to have been found guilty on Count II, the United States would had to have proved two things beyond a reasonable doubt: First, that you committed the crime of knowingly and intentionally possessing, with the intent to distribute, 5 grams or more of crack cocaine and that you possessed a firearm in furtherance of that crime.  Do you understand that, sir?

Plea Hr'g Tr. 17:17–23. Griffin responded, "Yes, sir." I also informed Griffin that he should not plead guilty if he did not believe the United States would be able to prove each element beyond a reasonable doubt. Griffin indicated he understood this. By Griffin's own admission during the plea hearing, he understood the charge carried a mandatory minimum that would run consecutive to any other sentence.

*Ground 3: No Identifiable Reason to Plead Guilty*

Griffin next argues that there is no "identifiable reason" for him to plead guilty to Count II, creating an inference that his plea is invalid. However, Griffin admitted under oath during the plea hearing that he committed the acts as alleged. As a result, Griffin did have an identifiable reason to plead guilty.

*Ground 4: No Knowledge Beyond that Provided by Counsel*

Griffin also argues that his guilty plea was unknowing because he is not a lawyer and had no legal knowledge beyond what he was informed by his lawyer. Before accepting Griffin's guilty plea, I explained to him the charges, the elements the Assistant United States Attorney would need to prove if Griffin requested a jury trial, and the potential penalties for the charges to which he pled guilty. He also acknowledged under oath during the plea hearing that he did in fact understand the nature of the charges against him, the elements necessary to

convict him, and the range of sentences. As a result, I find Griffin has failed to establish that he did not have sufficient awareness of the circumstances and consequences of his plea to render it unknowing.

*Ground 5: Coercive Tactics to Compel Guilty Plea*

Griffin argues that his guilty pleas were involuntary due to his counsel's use of coercive tactics to compel him to make a false confession. However, Griffin does not include any details of what kind of coercive tactics were used or when they might have occurred. The record also disputes this assertion. At Griffin's plea hearing, when I asked whether any person had threatened him or in any way forced him to plead guilty, he responded under oath, "No." Plea Hr'g Tr. 10:11–13. Griffin has failed to establish that his guilty plea was involuntary due to his counsel's alleged coercive tactics.

*Request for an Evidentiary Hearing*

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their motion. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.2d 134, 135 (8th Cir. 1986). Because the record is absolutely clear that Griffin is entitled to no

relief, I will not grant his request for an evidentiary hearing on the merits of this motion.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Griffin has not made such a showing on the grounds raised in his motion. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Vinson Griffin's Motion to Set Aside or Correct his Sentence [#1] is **DENIED.**

Dated this 12th Day of March, 2010.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE